**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | )    **Case No. 4:26 CR 350 JMD (SPM)** |
| | ) |
| **JACOB BANER,** | ) |
| | ) |
| **Defendant.** | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on the Government's Motion for Pretrial Detention. The Court held a detention hearing on August 4, 2026, and took the matter under submission. After considering all of the evidence in this case, the Government's motion for pretrial detention is denied.

**BACKGROUND**

Mr. Baner is charged with Receipt of Child Pornography. (ECF No. 1). The Government seeks pretrial detention pursuant to 18 U.S.C. §§ 3141-3142 of the Bail Reform Act. (ECF No. 4). The Government notes the seriousness of his alleged conduct, and the presumption in favor of detention. The United States Pretrial Services Office prepared a Bail Report for the Court's consideration. (ECF No. 12). The Court adopts the factual statements in the Bail Report as part of the record for the detention issue.

The Bail Report notes Mr. Baner is 36 years old and is a lifelong member of the St. Louis community. He lives in a residence with his wife. Mr. Baner graduated from high school and attended college for 18 months. He was working a full-time job as a manager at Steak 'n Shake. He does not have a passport and never left the country. He is in good health, and he is not under

any kind of treatment. Mr. Baner has used controlled substances in the past. Mr. Baner has no criminal convictions, but he has a warrant in a municipal shoplifting case.

## DISCUSSION

"In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception. . . . The [Bail Reform] Act authorizes the detention prior to trial of arrestees charged with serious felonies who are found after an adversary hearing to pose a threat to the safety of individuals or to the community which no condition of release can dispel." *United States v. Salerno*, 481 U.S. 739, 755 (1987).

A defendant may be detained before trial "[o]nly if the government shows by clear and convincing evidence that no release condition or set of conditions will *reasonably assure* the safety of the community and by a preponderance of the evidence that no condition or set of conditions . . . will *reasonably assure* the defendant's appearance[.]" *United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003) (emphasis original; quoting *United States v. Kisling*, 334 F.3d 734, 735 (8th Cir. 2003), and *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985) (en banc)).

The Bail Reform Act requires the Court to consider a number of factors, the first of which includes the nature and circumstances of the offense charged. § 3142(g)(1). Although Mr. Baner's charge contains a serious penalty, the Bail Reform Act preserves his presumption of innocence. § 3142(j).

The Court must consider the weight of the evidence, which appears strong. The Court takes into account Mr. Baner's history and personal characteristics, including:

> the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings.

§ 3142(g)(3)(A).

Mr. Baner has strong family and community ties to St. Louis. He graduated from high school and is gainfully employed. He has limited criminal history and has never been convicted of a crime. Mr. Baner was using marijuana and methamphetamine. The Court will forbid him from using alcohol and controlled substances while he is released on bond. The Court will prohibit his possession of a firearm or any other weapon. The Court must consider the nature and seriousness of the danger that would be posed by Mr. Baner's release. The Court is mindful of the serious charges against Mr. Baner and acknowledges the presumption in favor of detention. The Court will place him on home detention, restrict his access to minor children, pornography, the internet, and locations at which children congregate. The Court will minimize his risk of flight by imposing conditions of release which will restrict his travel outside of this district.

Finally, the Court may inquire as to the source of the funds used to post Mr. Baner's bail. However, the Court sees no need to make such an inquiry as the Court intends to release Mr. Baner on his own recognizance.

The Court has carefully considered the Government's motion for detention. The Court finds Mr. Baner has rebutted the presumption of detention and will release Mr. Baner on a set of conditions which will reasonably assure his appearance in court and the safety of the community. Therefore, the Court does not find by a preponderance of the evidence there is a serious risk Mr. Baner will not appear as required. Nor does the Court find by clear and convincing evidence there is a serious risk he will endanger the safety of another person or the community.

**IT IS HEREBY ORDERED** the Government's Motion for Pretrial Detention, ECF No. 4, is DENIED.

STEPHEN R. WELBY
UNITED STATES MAGISTRATE JUDGE

Dated this 7th day of August, 2026.

4